UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRENDA JENKINS,

                Plaintiff,

v.                                                  Case No.  5:01-cv-227-Oc-10GRJ

JO ANNE B. BARNHART,
Commissioner of Social Security,

                Defendant.
_____/

## ORDER

Pending before the Court is Plaintiff's Application For An Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1). (Doc. 38.) Defendant has filed a response in opposition (Doc. 43) in which the Commissioner raised an issue with regard to the timeliness of the application. As a result the Court directed the Plaintiff to file a response addressing the issue of whether the petition was timely. The Plaintiff has now done so (Doc. 45) and, accordingly, this motion is ripe for review. For the following reasons, Plaintiff's Application For An Award of Attorney's Fees is due to be **DENIED**.

Plaintiff was awarded disability benefits and a period of disability beginning March 22, 2001 in a fully favorable decision issued on February 24, 2004 by Administrative Law Judge Arthur W. Stacy after this Court had remanded this action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) as detailed in the Court's Order entered on June 11, 2002. Even though Plaintiff received a favorable

decision in February 2004 counsel for Plaintiff did not file this application for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) until July 11, 2006.[1]

The Commissioner alerted the Court that the Eleventh Circuit recently had issued its opinion in *Bergen v. Commissioner of Social Sec.*,[2] a decision which pertains to the issue of whether Plaintiff's application for fees was timely.

The Eleventh Circuit in *Bergen* held that 42 U.S.C. § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."[3] Thus, as provided in *Bergen*, counsel for a claimant is entitled to request fees under 406(b)(1) in case like this one where the Commissioner on remand awards the claimant past-due benefits.

With regard to the issue of the timeliness of a petition for fees under 406(b) fee the Eleventh Circuit in *Bergen* found that Rule 54(d)(2)(B)[4] of the Federal Rules of Civil Procedure applies to a claim for attorney's fees under § 406(b).[5] However, because the Commissioner in *Bergen* had not objected to the timeliness of the attorney's fee petition, the Eleventh Circuit did not resolve the issue of when the 14 day period begins to run for filing petitions under § 406(b). Even though the Eleventh Circuit did not resolve the

---

[1] Plaintiff is requesting attorney's fees in the amount of $4,401.70 from Plaintiff's benefits. The Commissioner does not object to the amount requested but only to the timeliness of the application.

[2] 454 F.3d 1273 (11th Cir. 2006).

[3] *Id.* at 1277.

[4] Rule 54(d)(2)(B) requires that a motion for attorney's fees, "unless otherwise provided by statute or order of the court...must be filed no later than 14 days after entry of judgment..."

[5] Bergen at 1277.

issue of when the time period begins to run, in *dicta* the *Bergen* Court provided guidance for future claimants to avoid "the confusion about integrating Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406(b)." The Eleventh Circuit stated that the "best practice" for claimants was "to request and the Court to include in the judgment a statement that attorney's fees may be applied for within a specified time after the determination of Plaintiff's past due benefits by the Commission."[6]

Plaintiff contends that the 14-day time period in Rule 54(d)(2)(B) does not apply to Plaintiff's application because the 14-day time period was not included in Rule 54 of the Federal Rules of Civil Procedure until the 2002 Amendments, which became effective on December 1, 2002. Additionally, Plaintiff argues that while Plaintiff received the favorable decision from the ALJ in or around February of 2004, Plaintiff did not receive a "Notice of Award" from the Social Security Administration until "months and months and months later ... which for the first time informs the claimant of the amount of the past due benefits." Plaintiff goes on to argue that he did not receive a letter from the Social Security Administration until February 21, 2006 "informing him as to the amount available for 406(b)(1)(A) fees ... and inquiring if such a fee has been or will be requested."[7]

Plaintiff's arguments fail for several reasons. First, the 14-day time period for filing claims for attorney's fees in Rule 54(d)(2)(B) was added to the Rule in the 1993

---

[6] *Id.* at 1278 n. 2.

[7] Plaintiff has attached a copy of the February 21, 2006 letter as exhibit A to Doc. 45.

Amendments to the Federal Rules of Civil Procedure and not - as Plaintiff argues - in the 2002 amendments.[8] Thus, contrary to the entire premise of Plaintiff's argument, the 14 day requirement in Rule 54(d)(2)(B) was in effect when the Court entered its Order on June 11, 2002 reversing and remanding this action to the Commissioner for further proceedings (Doc. 31) and the final judgment was entered by the Court. (Doc. 32.)

Second, while the *Bergen* Court did not answer the question of when the 14 day time period begins to run, the *Bergen* Court did unambiguously state that "[W]e agree with the Fifth Circuit that Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fees claim."[9] Therefore, while there may be an unresolved issue in the Eleventh Circuit as to when the 14 day time period begins to run there is no issue in the Eleventh Circuit as to whether the 14 day time period is applicable to 406(b) petitions. *Bergen* clearly says the 14 day period should be applied.

Turning to Plaintiff's argument, he suggests that a petition cannot be filed until at a minimum the claimant (and counsel) receives the "Notice of Award", which is the document that tells the claimant the amount of benefits that have been awarded. Plaintiff has not provided the Court with the date the Notice of Award was received other than to state that it typically is received "months and months and months later." Therefore, even assuming the Plaintiff did not receive the "Notice of Award" until the end of the year 2004 - which is more than ten months after the favorable decision - the

---

[8] *See,* Advisory Committee Notes 1993 Amendments.

[9] Bergen at 1277.

petition in this case was still not filed until nineteen months later, well beyond the 14 day period under Rule 54((d)(2)(B).

Plaintiff goes on to suggest that he is not really on notice that he needs to file an application for 406(b) fees until "eventually the Social Security Administration sends a letter to counsel ..." While the Court is skeptical that the date of this letter from the Social Security Administration is the trigger date for filing the fee application, even if that date was used Plaintiff still filed the fee application in this case more than five months after the February 21, 2006 letter, a period of time well in excess of the 14 day time period under Rule 54(d)(2). Thus, Plaintiff's fee application in this case - even utilizing the last possible date suggested by Plaintiff - was untimely because it was filed well past the 14 day time period which the Rules of Civil Procedure provide for fee applications.

Lastly, Plaintiff's suggestion that *Bergen* should not be applied retroactively makes no sense. While counsel might not have been aware of the "best practices" the *Bergen* Court suggested should be used by future social security claimants, the law prior to *Bergen* did not provide *carte blanche* to counsel for claimants to file 406(b) petitions whenever they decided to get around to filing, or as in this case, years after the claimant had "won" at the administrative level.[10]

The Court is mindful that the congressional intent behind § 406(b) is in part, "to encourage effective legal representation of claimants by insuring lawyers that they will

---

[10] For example, the Bergen court noted that the Seventh Circuit in Smith v. Bowen, 815 F.2d 1152, 1156 (7th Cir. 1987) - before the 14 day time period was added to Rule 54(d)(2) - found that only a "reasonable " time limit should apply.

receive reasonable fees directly through certification by the Secretary."[11] However, in this case counsel for claimant has had more than two years to petition this court for fees and for some unexplained reason counsel failed to request the fees to which he would be entitled. The Court therefore concludes that the decision to deny Plaintiff's request for fees because it was filed untimely will not discourage qualified counsel from representing claimants but rather will encourage counsel who represent claimants to follow the rules, adhere to the appropriate time limits and appreciate that all cases - including this one - do not remain pending for an indeterminate period of time. The 14 day time period in Rule 54(d)(2) is one of those rules that has been implemented to insure that cases are concluded and that cases do not remain pending indefinitely on the Court's dcoket without some measure of finality.

Accordingly, for the reasons discussed above, Plaintiff's Application for an Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) (Doc. 38) is due to be **DENIED** because it was filed untimely.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on December 7, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel

---

[11] Bergen, at 1276 (citing Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970).